UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| INDIANA MHC, LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00041-JMS-KMB |
| ) | |
| HARRISON COUNTY REGIONAL SEWER ) | |
| DISTRICT, ) | |
| DARIN DUNCAN in his individual capacity, ) | |
| TOM TUCKER in his individual capacity, ) | |
| CHARLIE CRAWFORD in his individual ) | |
| capacity, ) | |
| GARY DAVIS in his individual capacity, ) | |
| DANIAL LEE in his individual capacity, ) | |
| TONY COMBS in his individual capacity, ) | |
| JOHN KINTNER in his individual capacity, ) | |
| BILL BYRD in his individual capacity, ) | |
| MATT BECKMAN in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY AND GRANTING PLAINTIFF'S MOTION TO COMPEL

Presently pending before the Court are various motions, including Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, [dkt. 37], and Plaintiff's Motion to Compel Discovery Responses from Defendants, [dkt. 32]. For the reasons stated herein, the Court **DENIES** Defendants' Motion to Stay and **GRANTS** Plaintiff's Motion to Compel.

### I.  BACKGROUND

Plaintiff Indiana MHC, LP, the owner of a mobile home park, filed this action against Defendant Harrison County Regional Sewer District (the "District") and several Defendants named in their individual capacities. [Dkt. 1.] Plaintiff alleges that Defendants improperly allowed for certain surcharges based on inflow and infiltration from the park to be charged illegally and unconstitutionally. [*Id.*]

In September 2022, Plaintiff served the District with its First Set of Interrogatories and Requests for Production as well as its Second Set of Requests for Production. [Dkt. 32 at 1 ¶¶ 1-4.] The Parties met and conferred on more than one occasion in an attempt to solidify a response deadline, but the District ultimately never responded. [*Id.* at 2 ¶¶ 5-10.] Plaintiff subsequently moved the Court to compel the District to comply with its discovery requests. [*Id.*]

On December 6, 2022, the Parties appeared by counsel for a Telephonic Discovery Conference. [Dkt. 34.] At that conference, the Parties reported that they were working towards a potential resolution of the case. [*Id.*] The Court ordered that if no resolution was reported to the Court by December 19, 2022, Defendants should either respond to Plaintiff's discovery requests or respond to Plaintiff's Motion to Compel by December 23, 2022. [*Id.*] To date, the District has not responded to Plaintiff's discovery requests, nor has it filed a response to Plaintiff's Motion to Compel.

Instead, on December 23, 2022, the District—along with the other Defendants—filed a Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (the "Motion to Stay"). [Dkt. 37.] Defendants' Motion to Dismiss was filed the same day, [dkt. 35], arguing that Plaintiff's claims are moot because the District allegedly repealed the ordinance at issue and waived all outstanding surcharges imposed against Plaintiff. [Dkt. 36 at 1-2.] Further, Defendants allege that those named in their individual capacities are entitled to legislative immunity and thus the claims against them should be dismissed. [*Id.*] Plaintiff opposes Defendants' Motion to Dismiss. [Dkt. 42.]

## II. DISCUSSION

The Court will first address Defendants' Motion to Stay before addressing Plaintiff's Motion to Compel and Plaintiff's corresponding requests for attorneys' fees and costs.

### A. Motion to Stay

Defendants argue that discovery should be stayed pending the Court's ruling on its Motion to Dismiss. [Dkt. 38 at 2 ¶ 10.] Defendants argue that Plaintiff will not be prejudiced by the "short duration of the requested stay," nor will the discovery sought assist Plaintiff in responding to their Motion to Dismiss. [*Id.* at 4 ¶¶ 18-20.] Defendants also assert that a stay may streamline issues moving forward as it could dispose of some or all of Plaintiff's claims and would "avoid burdening Defendants with responding to discovery which may never be necessary pending resolution of the motion to dismiss." [*Id.* at 4 ¶¶ 21-22.]

Plaintiff disagrees that it will not be prejudiced by the stay, noting that it could take several months to obtain a ruling on Defendants' Motion to Dismiss and such a stay would disrupt current case management deadlines. [Dkt. 39 at 3, 7-8.] Plaintiff also asserts that the discovery sought has information relevant to each of its claims and will thus be necessary if even one claim survives. [*Id.* at 3, 8-9.] Plaintiff finally argues that the District has waived any objections it may have to said discovery in light of its failure to timely respond. [*Id.* at 3, 9.] In reply, Defendants again argue that Plaintiff would not be prejudiced by the stay and highlight the burden they would face if required to respond. [Dkt. 41 at 4-6.]

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A stay of discovery may be ordered when good cause exists, and the party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015) (citation omitted). A court will evaluate three factors to determine if good cause for a stay exists: (1) "the prejudice or tactical disadvantage to the non-moving party;" (2) "whether or not issues will be simplified . . . ;" and (3)

3

"whether or not a stay will reduce the burden of litigation[.]" *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). The Court also considers "the prejudice to the judicial system as a whole," and must ensure that litigation is proceeding expeditiously. *See Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016). "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *2-3. Even then, however, "a motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court," and "[w]here the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996).

While Defendants do raise potentially dispositive issues in their Motion to Dismiss, the Court agrees with Plaintiff that the facts of this case do not warrant a stay. First, Plaintiff would be disadvantaged if it was required to wait until a ruling on the Motion to Dismiss to proceed with any discovery. Plaintiff initially served its discovery requests several months ago—in September 2022—and to date has received no response or formal objection. A stay would prevent Plaintiff from pursuing its case and further stagnate discovery that has already been substantially delayed.[1]

Second, a stay may not simplify the issues in this case. Without taking a position as to how Defendants' Motion to Dismiss will ultimately be decided, it is worth noting that the Parties fundamentally disagree about whether the ordinance in question was in fact repealed and whether a similar ordinance will be reenacted—an issue that underlies Defendants' position that Plaintiff's

---

[1] The Court acknowledges that part of the delay may be attributed to the Parties' settlement discussions, [dkt. 41 at 7], but it does not find that this negates the prejudice an outright stay of discovery would have on Plaintiff moving forward.

4

case is moot. [*See* Dkts. 36, 42, 43.] Further, while Defendants' argument that those named in their individual capacities are entitled to legislative immunity could result in the dismissal of those Defendants if it succeeds, Plaintiff's claims against the District would remain pending. Plaintiff represents that its discovery requests relate to each of its claims individually, and responses to the same would be required if even one of Plaintiff's claims survives. [Dkt. 39 at 3, 8-9.] Thus, the potential that Defendants' Motion to Dismiss may dispose of some (or possibly all) of Plaintiff's claims does not warrant a stay.

Finally, and for similar reasons, a stay would not serve to significantly reduce the burden of litigation on the Parties or this Court. As discussed, Plaintiff has represented that such discovery will be necessary should even one claim survive. [*Id.*] Both the Parties and this Court have already spent substantial resources on motions practice regarding the discovery requests in question, and the Parties should be able to proceed with issuing and responding to discovery without further delay. For these reasons, Defendant's Motion to Stay is denied. [Dkt. 37.]

### B. Motion to Compel

When deciding a motion to compel, district courts are similarly afforded significant discretion. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). "The district court may grant or deny the motion in whole or in part, and . . . may fashion a ruling appropriate for the circumstances of the case." *Id.* The party objecting to the discovery requests bears the burden of proving the specific reasons that particular requests are improper. *EEOC v. Heart of CarDon, LLC*, 339 F.R.D. 602, 605 (S.D. Ind. 2021). A party waives its objections to discovery requests and corresponding motions to compel when it fails to respond to the same. *Phillips v. Vasil Mgmt. Co., Inc.*, 2012 WL 177406, at *1 (S.D. Ind. Jan. 20, 2012) ("Defendants had waived any objections they may have had by failing to respond to the interrogatories in a timely manner.");

*TAFS, Inc. v. Nanshan Am. Advance, Aluminum Techs., LLC*, 2022 WL 1018499, at *3 (N.D. Ind. Feb. 15, 2022) (holding that a party's arguments had been waived when it failed to respond to a motion to compel).

Plaintiff asserts that it properly served the disputed discovery on the District in September 2022, and to date, it has received no response. [Dkts. 32 at 1 ¶¶ 1-4; 39 at 9.] Plaintiff subsequently filed its Motion to Compel, [dkt. 32], to which the District also failed to respond. Therefore, the District has waived any objections it may have to either the discovery requests or Plaintiff's Motion to Compel and is ordered to comply with Plaintiff's discovery requests by **March 17, 2023.**

### C. Attorneys' Fees and Costs

Federal Rules of Civil Procedure 26 and 37 provide that a prevailing party may be awarded expenses incurred in making or responding to a motion to compel or motion for a protective order. Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5). Payment will not be ordered if the losing party's actions were substantially justified, or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A), (B).

Plaintiff argues that it should be awarded the attorneys' fees and costs incurred in filing its Motion to Compel and responding to Defendants' Motion to Stay. [Dkts. 32 at 2-3; 39 at 10-11.] Defendants disagree, arguing that they were substantially justified in filing their Motion to Dismiss and the corresponding Motion to Stay in light of precedent they contend supports their positions. [Dkt. 41 at 7-8.] Further, Defendants argue that their admitted delay in responding to Plaintiff's discovery requests was due to the Parties' good faith attempts to resolve the matter, during which Defendants repealed the ordinance and waived the surcharges at issue. [*Id.*]

While the Court agrees with Plaintiff that the District shall respond to its discovery requests and that a stay of discovery is not warranted, it does not find that imposing attorneys' fees or costs

associated with the Motion to Compel or the Motion to Stay is appropriate at this time. The District represents that its delay in response is attributable to the Parties' attempts to reach a resolution of this dispute in good faith. [*Id.*] The Parties similarly represented that settlement discussions were ongoing at the December 6, 2022 Telephonic Discovery Conference and that resolution of the case was possible. [*See* Dkt. 34.] In light of the Parties' inability to ultimately resolve the dispute following that discovery conference, Defendants filed their Motion to Dismiss along with the Motion to Stay Discovery by the deadline provided by the Court for the District to respond to Plaintiff's discovery or Motion to Compel, rather than ignoring the outstanding discovery entirely. While the Court does not find such sanctions to be warranted at this time, Defendants are warned that further failure to comply with this Court's orders or their discovery obligations may lead to imposition of sanctions in the future.

### III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Compel, [dkt. 32], and denies Defendants' Motion to Stay, [dkt. 37]. The Court **ORDERS** the District to comply with Plaintiff's discovery requests by **March 17, 2023.** The Court **DENIES** Plaintiff's request for the payment of Plaintiff's attorneys' fees and costs at this time, but should Defendants continue not to comply with their discovery obligations or this Order, the Court is open to considering that sanction upon filing of a new motion.

**SO ORDERED.**

Date: 2/28/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Dirck H. Stahl
ZIEMER STAYMAN WEITZEL & SHOULDERS
dstahl@zsws.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com